```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

CAMBRIDGE MARKETING, L.L.C.,  )
                              )
     Plaintiff,               )
                              )
v.                            )    No. 03-2557 Ma/V
                              )
JIM YOUNG,                    )
                              )
     Defendant.               )
_____

  ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY IN DISTRICT COURT
   PROCEEDINGS OR IN THE ALTERNATIVE TO REQUIRE DEFENDANT TO PAY
       ARBITRATION FEES AND TO OBEY THE RULES OF ARBITRATION
_____
```

Before the court is Plaintiff Cambridge Marketing L.L.C.'s ("Cambridge") March 15, 2005 motion to lift stay in district court proceedings or in the alternative to require defendant to pay arbitration fees and to obey the rules of arbitration. Defendant Jim Young ("Young") filed a response in opposition to Cambridge's motion on March 29, 2005. Cambridge filed a reply to Young's response on April 12, 2005.

**I. Jurisdiction and Background**

Cambridge is a limited liability corporation organized under the laws of the state of Tennessee. (Compl. at ¶ 1.) Young is a resident of Bellingham, Washington. (Id. at ¶ 2.) Cambridge seeks $86,486.64 that Young allegedly owes it. (Notice of Removal at ¶ 4.) This court therefore has jurisdiction under 28 U.S.C.

§ 1332(a).

Cambridge provides magazine subscriptions and related products for fund-raising programs conducted by schools and other organizations. (Compl. at ¶ 3.) Young, who had previously worked as a representative for another supplier, entered into an agreement ("the Agreement") with Cambridge on January 3, 2002, to become a Cambridge distributor representative with a sales territory in Washington. (Compl. at ¶ 3, Ex. A.) The five-year term of the Agreement began on March 1, 2002, and was to end on February 28, 2007. (Id. at Ex. A.)

Under the heading of compensation, the Agreement provides that Cambridge will pay Young $29,855 on March 1, 2002, and $19,903 on March 1, 2003. (Id.) In exchange for those payments, Young is to execute two promissory notes to Cambridge in amounts equal to the two payments. (Id.) Cambridge agrees to forgive $9,952 of the amount due under the promissory notes each year if Young has produced $750,000 in retail sales of Cambridge products during the previous twelve-month period. (Id.) If Young fails to produce $750,000 in sales in a year, no amount is to be forgiven for that year, but the amount of sales produced will carry over into the next year. (Id.) Any amount in excess of $750,000 will also be carried over into the next year. (Id.) The Agreement also contains an arbitration clause at paragraph ten:

> Arbitration. Any dispute or difference arising out of or under this Agreement and the relationship created hereby

2

>     shall be submitted to mandatory and binding arbitration.
>     Arbitration shall be conducted in accordance with the
>     Rules of Conciliation and Arbitration of the
>     International Chamber of Commerce. The arbitration award
>     shall be final and binding upon all parties and shall be
>     accorded full faith and credit and entitled to
>     recognition and enforcement by the federal and state
>     courts of the United States. All dispute resolution
>     proceedings shall be conducted in Dallas, Texas, and all
>     parties hereby consent to such jurisdiction and venue.

(<u>Id.</u>).

In its complaint, Cambridge alleges that it is entitled to $39,806 based on the two notes (Young apparently produced $750,000 in sales of Cambridge products under the contract entitling him to a credit of $9,952 against the $49,758 owed), plus interest of $1,103.75. (<u>Id.</u> at ¶¶ 6,8.) The notes provide that the entire remaining unpaid balance is due on March 1, 2007, or when the Agreement between the parties is terminated. (<u>Id.</u> at Ex. A.) The notes also provide: "In the event that it shall become necessary for the holder hereof to place this Note in the hands of an attorney for collection, by suit or otherwise, the undersigned agree to pay all costs of such collection and litigation, together with a reasonable attorney's fee." (<u>Id.</u>) A copy of the note Young was to execute in Cambridge's favor was attached to the Agreement as Exhibit A. (<u>Id.</u>)

The complaint also seeks $32,771.14 allegedly due on an open account and $13,909.50 for supplies Young ordered. (<u>Id.</u> at ¶¶ 10-11.)

Young has argued previously that the arbitration provision of

the Agreement requires that the present controversy be submitted to arbitration. The Court agreed with Young's position in its November 23, 2003 order (the "Order") and stayed proceedings pending arbitration. In light of the Order, Cambridge filed its Request for Arbitration with the International Court of Arbitration (the "ICC") on or around March 17, 2004 and paid a non-refundable filing fee of $2,500.00. (Resp. to Mtn. to Lift Stay at 2.) Cambridge argues that Young has not paid his share of the arbitration fee and that he should be compelled to do so or that the stay should be lifted.

**II.   Choice of Law**

The court applied Tennessee's choice of law rules in its previous Order and concluded that Tennessee law applies.

**II.   Analysis**

It is undisputed that Cambridge initiated arbitration by submitting a Request for Arbitration, together with the required initial $2,500.00 application fee to the ICC. Cambridge alleges that, although Young filed a response to Cambridge's request for arbitration, he did not pay the initial fee of $2,500.00. (Mtn. to Lift Stay at 3.) The ICC subsequently assessed additional advance fees in the amount of $12,000.00 payable by Cambridge and $14,500.00 payable by Young. (Id.) Cambridge alleges that it did not pay the additional assessment because Young did not evidence any intention or willingness to pay his share of the costs. (Id.) Because neither party paid the advance fees, the ICC dismissed the

pending arbitration. (Id.)

Cambridge argues that Young's refusal to participate in the expenses of the arbitration led to its dismissal. As a result, Cambridge argues that it is entitled to an order setting aside the stay or in the alternative compelling Young to pay arbitration fees.

Young argues that he filed an answer to the Request for Arbitration but did not pay a $2,500.00 filing fee because it was not required. (Resp. to Mtn. to Lift Stay at 3.) Young also argues that the ICC invited Cambridge to pay another $5,500.00, but that Cambridge never paid this provisional advance. (Id.) As a result, Young contends that Cambridge failed to make the required payments and that Cambridge's motion should be denied. (Id. at 3.)

Cambridge has not offered any proof that Young was required to pay an initial deposit of $2,500.00 to the ICC. Cambridge cites to Article 30(3) of the International Chamber of Commerce Rules of Arbitration. That section, in pertinent part, provides as follows: "The advance on costs fixed by the Court shall be payable in equal shares by the Claimant and the Respondent." (Reply to Resp. to Mtn. to Lift Stay at 1.)

Article 30(3) requires both parties to pay an equal share of the advance costs. Neither party paid the advance costs. In Exhibit D, Young provides the court with a copy of a letter from the ICC dated March 24, 2004. In relevant part, that letter states "The Secretary General has fixed a provisional advance of $8.000.00

5

to be paid by the Claimant to cover the costs of the arbitration until the Terms of Reference have been drawn up. This provisional advance must be paid before the file can be transmitted to the Sole Arbitrator once appointed."

In Exhibit E, Young provides a letter from the ICC dated June 21, 2004, which grants the parties an additional 15 days to pay the balance of the advance on the costs. (Id. at 1)  The letter also states that unless payment is received within the time granted the claims will be considered withdrawn. (Id. at 2.)

Neither party disputes that both Cambridge and Young failed to pay the advance costs.  Cambridge has not offered any proof that Young was required to pay an advance of $2,500.00, but failed to do so. For this court to consider Cambridge's motion, Cambridge must show that it fulfilled its duties under the rules of the ICC and that Young did not.  The court notes that an arbitration agreement may be waived by the actions of a party which are inconsistent with the agreement.  See e.g. Germany v. River R. Company, 477 F.2d 546 (6th Cir. 1973).  Both parties, however, failed to comply with payments per the ICC schedule.  Therefore, Cambridge's motion to lift the stay and compel payment of costs is DENIED. If Cambridge reopens the arbitration proceedings and pays all of its share of the costs and Young fails to do so, the Court will consider a renewed motion to lift the stay or in the alternative to compel payment of arbitration costs.

**IV. Conclusion**

For the foregoing reasons, Cambridge's motion to lift the stay or in the alternative to require defendant to pay arbitration fees and to obey the rules of arbitration is DENIED.

So ORDERED this 1st day of February 2006.

_____
s/SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE